## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between SPECIALTY RESTAURANTS CORPORATION and BISCAYNE BAY RESTAURANT CORPORATION (collectively, referred to as the "Companies" in this document) and MICHELLE PRAT.

Ms. Prat filed a lawsuit against the Companies styled <u>Michelle Prat, on behalf of herself and others similarly situated v. Specialty Restaurants Corp. and Biscayne Bay Restaurant Corp.</u>, Case No.: 06-20578-CIV-MARTINEZ, in the United States District Court, Southern District of Florida (the "Lawsuit"). Ms. Prat alleges in the Lawsuit that the Companies failed to properly pay her minimum and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and the Florida Minimum Wage Law ("FMWL"), and the Companies have denied the claims made in the Lawsuit. Ms. Prat and the Companies wish to amicably resolve the Lawsuit pursuant to the terms and conditions contained in this Agreement.

1. <u>SETTLEMENT SUM</u>

The Companies will pay a total of Thirty Seven Thousand Eight Hundred and Fifty-Six Dollars and 28/100 ($37,856.28) (the "Settlement Sum"), which amount shall be apportioned as follows:

    A.    SIX THOUSAND NINE HUNDRED AND THIRTY TWO DOLLARS AND 64/100 ($6,932.64), less applicable payroll withholdings, shall be paid by the Companies to Ms. Prat as settlement for her claims for unpaid minimum and overtime wages under the FLSA and the FMWL. The Companies shall issue Ms. Prat a Form W-2 for this amount.

    B.    SIX THOUSAND NINE HUNDRED AND THIRTY TWO DOLLARS AND 64/100 ($6,932.64) shall be paid by the Companies to Ms. Prat as settlement for her claims for liquidated damages under the FLSA and the FMWL. The Companies shall issue Ms. Prat a Form 1099 for this amount.

    C.    TWENTY FOUR THOUSAND DOLLARS ($24,000.00) shall be paid by THE companies to "The Diaz Law Firm, P.A." (FEI: 61-1420885) as settlement for the attorney's fees and costs incurred by Ms. Prat in connection with the Lawsuit. The Companies shall issue The Diaz Law Firm, P.A. a Form 1099 for this amount.

The three (3) checks representing payment of the Settlement Sum shall be delivered to, and must be <u>received</u> by Ms. Prat's counsel, The Diaz Law Firm, P.A, at 757 NW 27th Avenue, Suite 203, Miami, FL 33125 within five (5) business days from the date the Court in which the Lawsuit is pending dismisses the Lawsuit with prejudice.

2. <u>RELEASE OF CLAIMS UNDER THE FLSA AND THE FMWL</u>

Ms. Prat understands and agrees that the release Ms. Prat is granting to the Companies by signing this Agreement releases the Companies from any rights and claims that could have been asserted under the FLSA and/or the FMWL, including all claims asserted in the Lawsuit.

## 3. RE-EMPLOYMENT

Ms. Prat hereby agrees that she waives any right to employment or re-employment with the Companies (including any employment through a temporary agency, vendor, independent contractor or any other entity of any kind whatsoever) and that Ms. Prat will never knowingly apply for re-employment with the Companies or any of their subsidiaries, affiliates, successors or franchisees after Ms. Prat signs this Agreement.

## 4. CONFIDENTIALITY OF THIS AGREEMENT

Ms. Prat agrees and acknowledges that the terms and provisions of this Agreement, including the amount paid to Ms. Prat, shall be and have been kept in utter, absolute, and strictest confidence. The only exceptions to this promise of confidentiality are that Ms. Prat and her attorneys may provide information about this Agreement and the settlement it memorializes as follows:

    a.    as required by any governmental agency or pursuant to a court order or subpoena compelling such disclosure; and

    b.    to her attorneys, professional accountants or professional tax consultants with whom she has a confidential relationship, so long as any attorney, accountant or tax consultant is informed of this confidentiality agreement prior to the disclosure of information protected by it, and agrees to keep such information confidential; and

    c.    to members of her immediate family, so long as any family member receiving that information is informed of this confidentiality agreement prior to the disclosure of the information protected by it, and agrees to maintain its confidentiality.

If asked about Ms. Prat's claims in the Lawsuit against the Companies, Ms. Prat may respond only with a comment to the effect that "the matter has been settled by the parties." Similarly, if any employees of the Companies or former co-workers of Ms. Prat ask about Ms. Prat's claims in the Lawsuit against the Companies, the Companies may only respond with a comment to the effect that "the matter has been settled by the parties."

## 5. NEUTRAL REFERENCE

The Companies agree that, in accordance with each of their neutral reference policies, neither they nor any officer, director or agent of the Companies will disclose to any third party any information (other than dates of employment and positions held) concerning Ms. Prat, her tenure working with / for the Companies, or the terms of such employment.

## 6. TAXATION

Ms. Prat agrees that neither the Companies or their attorneys have made any other representations or promises to her about the tax implications of the sum Ms. Prat has received in connection with the settlement memorialized in this Agreement. In the event that all or any portion of this sum is determined to be taxable, all liability for state or federal taxes (except for

any withholding and FICA payments made or that should have been made by Companies) is and shall be solely Ms. Prat's responsibility.

## 7. DISMISSAL OF THE LAWSUIT

Upon the execution of this Agreement, Ms. Prat shall file with the Court in which the Lawsuit is pending a Stipulation for Dismissal with Prejudice in the form attached as Exhibit "A." The parties and their respective counsel shall cooperate and execute such other documents or pleadings as may be necessary for the dismissal of the Lawsuit with prejudice.

## 8. NO ADMISSION OF LIABILITY OR WRONGDOING BY THE COMPANIES

Ms. Prat understands that the Companies deny liability on all of Ms. Prat's claims, but that Ms. Prat and Companies desire to end all controversy and settle all disputes they now have under the FLSA and the FMWL. Ms. Prat further understands that neither this Agreement nor any action taken under it is or should be construed as an admission by the Companies that they have violated any local, state or federal law, statutory or common.

## 9. CONSULTATION WITH ATTORNEYS AND VOLUNTARY SIGNING

Ms. Prat acknowledges that she has consulted with her attorneys before signing this Agreement, that she has read it, that she understands it and each of its provisions, and that she has signed it voluntarily.

## 10. USE OF HEADINGS

Ms. Prat understands and agrees that the headings in this Agreement have been inserted for convenience of reference only and do not in any way restrict or modify any of its terms or provisions. Ms. Prat further understands that this Agreement sets forth the entire terms of the settlement between Ms. Prat and the Companies of the claims in the Lawsuit and any other claims Ms. Prat has, had or may have against the Companies under the FLSA and/or the FMWL.

## 11. INVALIDITY OF ANY PROVISION AFFECTS ONLY THAT PROVISION

Ms. Prat understands and agrees that if, for any reason, any term or provision of this Agreement is construed to be unenforceable or void, the balance of the Agreement will continue to be effective and enforceable.

## 12. MS. PRAT'S OTHER CLAIMS

Nothing in this Agreement shall prohibit, preclude or in any way limit Ms. Prat from pursuing, testifying or offering any evidence in connection with any claim for employment discrimination, harassment and/or retaliation she has or may have against the Companies.

## 13. AUTHORITY TO BIND THE COMPANIES

The individual(s) signing this Agreement on behalf of the Companies warrants and represents that he/she/they is/are duly authorized to sign this Agreement on behalf of and bind each of the Companies.

14. COUNTERPARTS

This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed an original.

IN WITNESS WHEREOF, each party has caused this Agreement to be knowingly and voluntarily and with advice of counsel executed on the date(s) set forth ~~below~~.

Date: 12/20/06          _____
                         MICHELLE PRAT

State of Florida        )
County of Miami-Dade    ) ss.

On this _____ day of _____, 2006, before me appeared Michelle Prat who, being duly sworn, acknowledged that she executed the foregoing Release and Settlement Agreement, totaling five typewritten pages, as her free act and deed.

In witness whereof, I have hereunto set my hand and affixed my seal.

[SEAL]

AURA SALGUERO
Notary Public COMMISSION # DD 316893
EXPIRES: July 21, 2008
Bonded Thru Budget Notary Services

My Commission Expires:


Date: _____          _____
                                        SPECIALTY RESTAURANTS CORP.
                                        By: _____
                                        Its: _____

State of _____  )
County of _____  ) ss.

On this _____ day of _____, 2006, before me appeared _____, as _____ of Specialty Restaurants Corp. who, being duly sworn, acknowledged that he/she executed the foregoing Release and Settlement Agreement, totaling five typewritten pages, as his/her free act and deed.

In witness whereof, I have hereunto set my hand and affixed my seal.

[SEAL]                                  _____
                                        Notary Public

My Commission Expires:

4

Date: _____

BISCAYNE BAY RESTAURANTS CORP.
By: _____
Its: _____

State of _____ )
County of _____ ) ss.

On this _____ day of _____, 2006, before me appeared _____, as _____ of Biscayne Bay Restaurants Corp. who, being duly sworn, acknowledged that he/she executed the foregoing Release and Settlement Agreement, totaling five typewritten pages, as his/her free act and deed.

In witness whereof, I have hereunto set my hand and affixed my seal.

[SEAL]

_____
Notary Public

My Commission Expires: